UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANTHONY C. MARTIN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   CAUSE NO.  1:04-CV-00450 |
| | ) |
| WILLIAM SMITH, et al., | ) |
| | ) |
|     Defendants. | ) |

**OPINION AND ORDER**

Plaintiff Anthony C. Martin, who is *pro se*, filed a motion for a change of venue, asserting that he "would not get a fair trial in Allen County." (Docket # 38.) For the reasons provided herein, Martin's motion will be denied.

On January 7, 2005, Martin filed a complaint against Defendant Fort Wayne Police Department and some of its members, contending that Defendants violated his constitutional rights when they allegedly used excessive force against him outside of Piere's nightclub in Fort Wayne on January 18, 2003. (Docket # 4.) A scheduling conference was held on March 15, 2005, where a discovery deadline of September 15, 2005, and a dispositive motion deadline of October 15, 2005, was established. (Docket # 32, 33.) Discovery has since commenced.[1]

Martin now argues that the Court should transfer this case under 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have

---

[1] Also pending is a motion filed by Defendants requesting sanctions against Martin because he failed to produce a list of potential witnesses and signed medical authorizations in compliance with the Court's May 26 Order. (Docket # 42.) This motion will be addressed in a separate order.

been brought." A party seeking transfer of a civil action must show that (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. *Boyd v. Snyder*, 44 F. Supp. 2d 966, 968 (N.D. Ill. 1999) (citing *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986)); *compare id. with* Fed. R. Crim. P. 21(a) (providing for transfer of venue in a criminal action if defendant shows so great of prejudice exists that he cannot obtain a fair trial there). The party moving for the transfer carries the "burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey,* 796 F.2d at 220.

Here, Martin argues that the case should be transferred based solely on the third factor, the interest of justice. (Docket # 40.) More specifically, Martin contends that venue should be changed because (1) the incident giving rise to the alleged violations occurred in Allen County, which is Defendants' work area; (2) he was denied a protective order against Defendants in Allen Superior Court; (3) he has allegedly been harassed and followed by different police officers in Allen County; and (4) he is "known" in Allen County through various criminal and civil proceedings, some of which involved actions against other law enforcement agencies. (*Id.*)

However, the third factor, the interest of justice, requires that the Court weigh concerns pertaining to the efficient functioning of the courts, such as "ensuring a speedy trial, trying related litigation together, and having a judge familiar with the applicable law try the case," not private considerations of the litigants. *Fondrie v. Casino Res. Corp.*, 903 F. Supp. 21, 24 (E.D. Wis. 1995); *Coffey*, 796 F.2d at 221; *College Craft Co., Ltd. v. Perry*, 889 F. Supp. 1052, 1056 (N.D. Ill. 1995). Martin's unsupported, conclusory arguments miss the bull's-eye, particularly when he, as the plaintiff, chose this forum initially. *See Yoder v. Ryan*, 318 F. Supp. 2d 601, 606

(N.D. Ill. 2004) (finding plaintiffs' argument that defendants' proposed transferee forum "'is corrupt' and suffers from a 'custody culture,' so that plaintiffs could not get a fair trial there" unconvincing because plaintiffs showed "no support for these aspersions").

Furthermore, Martin has failed to even propose a transferee court; therefore, the Court cannot evaluate whether venue would be proper in the transferee forum.  Moreover, it is difficult to hypothesize how any other forum could conceivably be more convenient when (1) the incident giving rise to the action occurred in Fort Wayne; (2) each individual Defendant is a member of the Fort Wayne Police Department; (3) Martin resides in Fort Wayne; (4) it is likely that any witnesses would also be Fort Wayne residents; and (5) Martin alleges that he received medical treatment after the incident at Parkview Hospital in Fort Wayne. (*See* Docket # 4.)  Therefore, Martin utterly fails to carry his burden of establishing that a transferee forum is more convenient.  *See Dark Horse Trading Co., Inc. v. Walt Disney Co.*, 1999 WL 33100013, at *2-3 (N.D. Ill. May 14, 1999) (denying defendant's motion to transfer venue because it supported only one portion of one factor out of the three relevant factors).

For these reasons, Martin's motion for a change of venue (Docket # 38) is hereby DENIED.  SO ORDERED.

Enter for July 7, 2005.

S/Roger B. Cosbey<br>
Roger B. Cosbey,<br>
United States Magistrate Judge