UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANTHONY C. MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:04-CV-450-TS |
| ) | |
| FORT WAYNE POLICE DEPARTMENT, ) | |
| WILLIAM SMITH, MIGUEL RIVERA, ) | |
| S. BUBBS (Internal Affairs), SCOTT RUFF, ) | |
| RANDALL HOSFORD, MIKE CUNEGIN, ) | |
| JON BONAR, CLELVELAND INGE, ) | |
| DENISE L. PHILLIPS, JACK L. BARBOUR, ) | |
| TOM RHODES, and RUSTY YORK, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

The Defendants seek dismissal of the Plaintiff's claim as a sanction for his repeated failure to comply with Court-ordered discovery deadlines and failure to attend his properly noticed deposition.

## BACKGROUND

On December 1, 2004, the Plaintiff, Anthony C. Martin, proceeding *pro se*, filed his Motion to Proceed *in Forma Pauperis* and his § 1983 Complaint against the Defendants, alleging excessive force during his arrest. On January 7, 2005, the Court granted the Plaintiff's request to proceed without prepayment of costs and fees. On January 10, 2005, the Plaintiff moved to have counsel appointed. On February 23, the Defendants answered the Complaint.

On March 15, 2005, the Court conducted a Rule 16 Preliminary Pretrial Conference. The Court ordered the parties to exchange their lists of potential witnesses by March 29, 2005. The

Plaintiff indicated that he desired copies of his medical records, but could not obtain them because of his indigency. Defense counsel offered to obtain the records and provide copies to the Plaintiff. The Court explained that this would require the Plaintiff to sign and return medical consent forms provided by the Defendants' counsel.

On March 16, the Court denied the Plaintiff's request for counsel because the case was a relatively simple one in which the Plaintiff could adequately manage the discovery process and trial. The Court stated that he was diligent and articulate, had presented reasonably cogent pleadings, was intimately familiar with the relevant facts of his case, had secured documents and lined up witnesses, was an experienced litigant, and had stated in the scheduling conference that he was ready to take the case to trial immediately.

The March 29 deadline passed without the Plaintiff providing the Defendants with his list of potential witnesses. On April 19, defense counsel sent a letter to the Plaintiff reminding him of his obligation to provide his list of potential witnesses. The letter also requested that the Plaintiff provide counsel with the signed medical authorizations that it had mailed to him on March 25. Counsel's letter told the Plaintiff that if a response was not received within ten days, counsel would inform the Court of his failure to comply with March 29 deadline.

On May 6, 2005, the Defendant filed a Motion to Compel the Plaintiff to provide his witness list and medical forms. The Court directed the Plaintiff to respond to the Motion to Compel by May 24. The Plaintiff did not respond and on May 26, the Court granted the Defendant's Motion. The Court ordered the Plaintiff to provide the Defendants with his list of potential witnesses and signed medical authorization forms by June 6, 2005. The Court warned that failure to comply with the Court's order could result in sanctions, including dismissal pursuant to Rule 37(b)(2).

2

On June 21, 2005, the Defendants filed a Motion for Sanctions, requesting that the Court dismiss the Plaintiff's Complaint as a sanction for not complying with the Court's scheduling orders. The Court ordered the Plaintiff to respond by July 5 and warned that "failure to file a timely response may result in the motion being granted and sanctions imposed, including possible dismissal of the case." On July 5, the Plaintiff responded that sanctions were not appropriate because he did not have counsel. The Plaintiff did not present any reasons for his failure to return the medical authorization forms or his potential list of witnesses. On July 7, the Defendants replied.

On August 3, 2005, the Defendants filed a Motion to Dismiss with Prejudice, citing the Plaintiff's continued failure to provide his witness list and medical forms. Additionally, the Plaintiff had not attended his deposition. On August 18 and 28, the Plaintiff responded, again stressing that he was proceeding *pro se*. He admitted that his address of record was correct, but claimed that he was not aware of deadlines and that he had complied with the Court's orders. On August 29, the Defendants replied. The Plaintiff filed a sur-response on September 1. On November 1, he filed a motion to stay the proceedings in this case because of his recent incarceration. He argues that the proceedings in this case should be stayed because he does not have his legal materials, he is still trying to obtain counsel, and he wants to obtain the transcripts from his criminal trial for use in this civil suit.

## DISCUSSION

Federal Rules of Civil Procedure 37 and 41(b) both outline means by which courts may dismiss a case as a sanction against a party who fails to comply with a court order or fails to provide or permit discovery. The Defendants argue that the Plaintiff's failure to provide a potential list of

3

witnesses and signed medical authorizations, despite an order by the Court compelling such discovery, and to appear for his properly noticed deposition warrants the sanction of dismissal. The Plaintiff argues that he needs the aid of counsel to prosecute this action, that he did provide the medical authorization forms, and that his case should not be dismissed on a technicality.

Rule 41 allows a court to dismiss an action, upon motion, "for failure of the plaintiff to prosecute or to comply with these rules or any order of court." Judge Posner, writing for the Seventh Circuit, has articulated the "principles that ought to guide district court judges in the exercise of their discretion to impose sanctions, up to and including dismissal" under Rule 41(b). *Ball v. City of Chicago*, 2 F.3d 752, 753 (7th Cir. 1993). These principles "canalize the district court's discretion." *Id.* at 755.

One such principle requires that the district court issue "due warning" to the plaintiff before dismissing a case for failure to prosecute. *Id.* at 755–56. The court need not issue repeated warnings, but must issue a direct, explicit warning to the offending party. *Id.* at 756 ("District judges would be well advised to give the lawyer an express warning before dismissing a case for failure to prosecute.").

The court should also consider the efficacy of less severe sanctions meant to punish the lawyer before imposing the ultimate sanction of dismissal. While there is no hard and fast rule requiring courts only to issue a dismissal as a last resort, "it is a sound practice and one that we commend to our district judges." *Id.* at 758. "The drastic nature of dismissal with prejudice requires the action to be used 'only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable.'" *GCIU Employer Ret. Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1199 (7th Cir. 1993) (citation omitted).

The Seventh Circuit has summarized these factors and others relevant to the decision whether to dismiss a suit under Rule 41(b) as follows:

> [F]requency and magnitude of the plaintiff's failures to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel and therefore the appropriateness of sanctioning the plaintiff's lawyer rather than the plaintiff, the effect of the failures in taxing the judge's time and disrupting the judge's calendar to the prejudice of other litigants, the prejudice if any to the defendant from the plaintiff's dilatory conduct, the probable merits of the suit, and (what is closely related) the consequences of dismissal for the social objectives of the type of litigation that the suit represents. There is no "grace period" before dismissal for failure to prosecute is permissible and no requirement of graduated sanctions, but there must be an explicit warning before the case is dismissed.

*Ball*, 2 F.3d at 759–60; *see also Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000) (holding that ordinary misconduct, as opposed to "egregious misconduct," can be punished by dismissal only after a warning and after the judge determines that dismissal is an appropriate sanction upon considering the possible merit of the underlying suit, the gravity of the misconduct, and the prejudice to the defendant).

Federal Rule of Civil Procedure 37 allows a court to impose sanctions for a party's failure to comply with an order granting a motion to compel discovery. Among these sanctions is an "order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." Fed. R. Civ. P. 37(b)(2)(C). A court is authorized to impose these same sanctions when a party fails to appear for his properly noticed deposition. Fed. R. Civ. P. 37(d).

The Seventh Circuit has held that the criteria for sanctions under Rules 37(b) and 41(b) are the same. *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993); *see also Williams v. Chicago Bd. of*

5

*Educ.*, 155 F.3d 853 (7th Cir. 1998) ("explicit warning" holding from *Ball* applied to dismissal under Rule 37(b)(2)). An award of sanctions under Rule 37(b) must be proportionate to the circumstances surrounding the failure to comply with discovery. *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir. 1996); *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1382 (7th Cir. 1993); *Newman v. Metro. Pier & Exposition Auth.*, 962 F.2d 589, 591 (7th Cir. 1992) (sanctions must meet the "norm of proportionality").

This is not a case where the Plaintiff's failure was simply "inadvertent, isolated, no worse than careless, and not a cause of serious inconvenience either to the adverse party or to the judge or to any third parties," such that dismissal "would be an excessively severe sanction." *Newman v. Metro. Pier & Exposition Auth.*, 962 F.2d 589, 591 (7th Cir. 1992). Rather, the circumstances of this case warrant the sanction of dismissal of the Plaintiff's suit with prejudice under Rule 37(b)(2)(C) and (d). The Court issued the following explicit warning to the Plaintiff on May 26: "The Plaintiff is advised that failure to comply with this order may result in sanctions including attorney fees and possibly even dismissal of his case. *See*, Fed. R. Civ. P. 37(b)(2)." After the Plaintiff missed the first court-ordered deadline, he was unequivocally directed to provide his witness list and signed medical authorization forms by June 6. The Plaintiff did not do so and on June 21, the Defendants filed a Motion for Sanctions seeking dismissal. After further noncompliance and failure to appear for his deposition, the Defendants moved again for dismissal on August 3.

The Plaintiff, fully aware of the possibility of dismissal, both by this Court's previous warning and the Defendants' motions for sanctions and for dismissal, has still not provided the

witness list and medical authorization forms.[1] There is a clear pattern of noncompliance with the Court's discovery orders for which the Plaintiff has not provided an adequate excuse. The Plaintiff stresses his indigent and *pro se* status, but does not explain how signing medical authorization forms or providing a list of potential witnesses requires legal expertise or money. He also admits that his address of record is correct and there is no reason to believe that the Plaintiff did not receive the Court's orders, counsel's correspondence, and Defendant's motions.

Dismissal is also appropriate because the Defendants have been prejudiced by the Plaintiff's dilatory conduct. With the September 15 discovery deadline looming, the Defendants scheduled the Plaintiff's deposition for August 1, despite not having the benefit of the Plaintiff's medical documentation and his list of witnesses. The Plaintiff failed to appear for his deposition. The discovery and dispositive motion deadlines have now passed.

The Court cannot apportion any of the responsibility for these failures on the Plaintiff's attorney because he does not have one. The Court also doubts the effectiveness of a monetary sanction given the Plaintiff's *in forma pauperis* status.

Accordingly, the Court finds that the circumstances warrant a sanction and that the most appropriate sanction is dismissal of the Plaintiff's suit with prejudice under Rule 37(b)(2)(C) and (d). The Plaintiff has not demonstrated that a stay of proceedings would affect the outcome of this case—the motions for sanction and for dismissal have been fully briefed. The Plaintiff's motion to stay is rendered moot.

---

[1] The Plaintiff contends that he has provided the medical authorization forms, but offers no proof of this. Further, he does not deny that he has failed to serve the Defendants with his potential list of witnesses and did not attend his deposition.

**CONCLUSION**

For the foregoing reasons, the Defendant's Motion for Sanctions [DE 42] and Motion to Dismiss [DE 48] are GRANTED. The Plaintiff's Motions to Stay [DE 53, 54] are DENIED as MOOT.

SO ORDERED on November 21, 2005.

                                                 s/ Theresa L. Springmann
                                                THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT