UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ANTHONY C. MARTIN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO.: 1:04-CV-450-TS |
| FORT WAYNE POLICE DEPARTMENT, WILLIAM SMITH, MIGUEL RIVERA, S. BUBBS (Internal Affairs), SCOTT RUFF, RANDALL HOSFORD, MIKE CUNEGIN, JON BONAR, CLELVELAND INGE, DENISE L. PHILLIPS, JACK L. BARBOUR, TOM RHODES, and RUSTY YORK, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's so-called Motion to Resurrect Or Reopen Order & Decision [DE 59], filed on April 24, 2009. In the Motion, which the Court construes as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), the *pro se* Plaintiff asks the Court to reverse its November 21, 2005, Opinion and Order [DE 56] dismissing the Plaintiff's cause of action as a sanction under Federal Rules of Civil Procedures 37(b) and 41(b). The Defendants filed their Response on May 4, 2009. The Plaintiff filed his Reply on May 13, 2009, and the motion is ripe for ruling.

**BACKGROUND**

In order to address whether the Court should grant the Plaintiff relief from its prior order, the Court will recount the procedural background that led to the dismissal. On December 1, 2004, the Plaintiff, proceeding *pro se*, filed his Motion to Proceed *in forma pauperis* and his §

1983 Complaint against the Defendants, alleging excessive force during his arrest. On January 7, 2005, the Court granted the Plaintiff's request to proceed without prepayment of costs and fees. On January 10, the Plaintiff moved to have counsel appointed. On February 23, the Defendants answered the Complaint.

On March 15, 2005, the Court conducted a Rule 16 Preliminary Pretrial Conference. The Court ordered the parties to exchange their lists of potential witnesses by March 29, 2005. The Plaintiff indicated that he desired copies of his medical records, but could not obtain them because of his indigency. Defense counsel offered to obtain the records and provide copies to the Plaintiff. The Court explained that this would require the Plaintiff to sign and return medical consent forms provided by the Defendants' counsel.

On March 16, the Court denied the Plaintiff's request for counsel because the case was a relatively simple one in which the Plaintiff could adequately manage the discovery process and trial. The Court noted that he was diligent and articulate, had presented reasonably cogent pleadings, was intimately familiar with the relevant facts of his case, had secured documents and lined up witnesses, was an experienced litigant, and had stated in the scheduling conference that he was ready to take the case to trial immediately.

The March 29 deadline passed without the Plaintiff providing the Defendants with his list of potential witnesses. On April 19, defense counsel sent a letter to the Plaintiff reminding him of his obligation to provide his list of potential witnesses. The letter also requested that the Plaintiff provide counsel with the signed medical authorizations that it had mailed to him on March 25. Counsel's letter told the Plaintiff that if a response was not received within ten days, counsel would inform the Court of his failure to comply with March 29 deadline.

On May 6, 2005, the Defendant filed a Motion to Compel the Plaintiff to provide his witness list and medical forms. The Court directed the Plaintiff to respond to the Motion to Compel by May 24. The Plaintiff did not respond, and on May 26, the Court granted the Defendant's Motion. The Court ordered the Plaintiff to provide the Defendants with his list of potential witnesses and signed medical authorization forms by June 6, 2005. The Court warned that failure to comply with the Court's Order could result in sanctions, including dismissal pursuant to Rule 37(b)(2).

On June 21, 2005, the Defendants filed a Motion for Sanctions, requesting that the Court dismiss the Plaintiff's Complaint as a sanction for not complying with the Court's scheduling orders. The Court ordered the Plaintiff to respond by July 5 and warned that "failure to file a timely response may result in the motion being granted and sanctions imposed, including possible dismissal of the case." (June 24, 2005, Order, DE 43). On July 5, the Plaintiff responded that sanctions were not appropriate because he did not have counsel. The Plaintiff did not present any reasons for his failure to return the medical authorization forms or his list of potential witnesses. On July 7, the Defendants replied.

On August 3, 2005, the Defendants filed a Motion to Dismiss with Prejudice, citing the Plaintiff's continued failure to provide his witness list and medical forms. Additionally, the Plaintiff had not attended his deposition. On August 18 and 28, the Plaintiff responded, again emphasizing that he was proceeding *pro se*. He admitted that his address of record was correct, but claimed that he was not aware of deadlines and that he had complied with the Court's orders. On August 29, the Defendants replied. The Plaintiff filed a sur-response on September 1. On November 1, he filed a motion to stay the proceedings in this case because of his recent

incarceration.

Finally, on November 21, 2005, the Court granted the Defendants' Motion to Dismiss with Prejudice as a sanction for the aforementioned behavior. In its Opinion and Order, the Court highlighted the Plaintiff's "pattern of noncompliance" with prior Court Orders as its primary justification. On April 24, 2009, the Plaintiff filed the instant motion.

**DISCUSSION**

Federal Rule of Civil Procedure 60 gives the standard by which a Court may provide a plaintiff relief from a prior judgment or order. Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Rule 60(c) provides that a Rule 60(b) Motion must be made "within a reasonable time—and for reasons (1), (2)), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." In analyzing the Plaintiff's Motion in light of Rule 60(b), the Court is mindful that "'[r]ule 60(b) is an extraordinary remedy that is to be granted only in the most exceptional circumstances'." *Perez v. United Student Aid Funds, Inc.*, 248 Fed. Appx. 756, 757 (7th Cir. 2007) (quoting *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995)).

In his Motion, the Plaintiff provides scant explanation as to why he is moving for relief

4

from the Court's order. At one point, the Plaintiff accuses the Defendants of "[taking] advantage of the Courts by withholding evidence or information that could have cured the plaintiff order, but filed a motion to dismiss or sanction plaintiff." (Plaintiff's Motion 2, DE 59). Broadly interpreting the *pro se* Plaintiff's Motion, the Court considers this statement under Rule 60(b)(3) as a claim of fraud, misrepresentation, or misconduct by an opposing party. The Plaintiff also claims to have new information about his original suit, owing to "5 similar run ins with the defendants . . . which the defendants have made it a tradition to harass the plaintiff due to retaliation for filing law suits against the defendants." (Plaintiff's Mot. 2, DE 59). This claim appears to be made under Rule 60(b)(2) for newly discovered evidence. Any request based on these grounds is untimely. Rule 60(c) unambiguously states that any motion made under reasons in Rule 60(b)(1), (2), or (3) must be made within a year after the entry of judgment. No reasonable amount of deference for the *pro se* Plaintiff can allow this Court to ignore a three-and-a-half-year gap between its order, and the Plaintiff's filing of his Motion. To the extent that the Plaintiff's Motion can be construed as a Motion under Rule 60(b)(1), (2), or (3), the Court will deny the Motion.

The one-year limitation does not apply, however, to Rule 60(b)(6). In analyzing this provision of the rule, the Court is mindful that relief under Rule 60(b)(6) requires a showing of "extraordinary and exceptional circumstances." *Musch v. Domtar Ind.*, 587 F.3d 857, 861 (7th Cir. 2009). The Plaintiff does not present any reasons that entitle him to relief under this high standard. Aside from the reasons already stated, the rest of the Plaintiff's Motion contains an accounting of the correspondence the Plaintiff had with the Court during his lawsuit's pendency, in which he expressed his frustration with the legal process. At the time of its entry of judgment,

5

the Court took into account the Plaintiff's correspondence, as well as every other relevant entry on its Docket. Although the Court understands that the litigation process can be frustrating for *pro se* litigants, an expression of this frustration does not demonstrate extraordinary and exceptional circumstances that would warrant granting the Plaintiff's motion.

Furthermore, although Rule 60(b)(6) does not contain the one-year limitation, the motion still must be made "within a reasonable time." The Plaintiff has done nothing to account for the three-and-a-half year gap between the entry of judgment and his filing of the Motion. Although he references his incarceration, he does not give the Court the dates of his incarceration or explain why his incarceration would have hindered him from timely filing a Rule 60 motion. The Court finds that the Plaintiff did not file his Motion within a reasonable time, and to the extent that this Motion can be construed as a motion on Rule 60(b)(6) grounds, his Motion will be denied.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Resurrect Or Reopen Order & Decision [DE 59] is DENIED.

SO ORDERED on January 12, 2010.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT